FIRST BAPTIST SOCIETY *vs.* JOHN H. WETHERELL.

NOVEMBER 27, 1908.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Bills of Exceptions.*

Both parties claimed exceptions to a decision in a jury-waived action.   June 15, defendant filed his notice of intention to prosecute bill of exceptions, and time was extended for filing transcript to July 1 and for filing bill to July 10, and subsequently time was extended, respectively, to July 15 for transcript and to July 25 for bill.

June 17, plaintiff filed bill of exceptions with clerk, who transmitted it to the trial justice July 2.   July 23, defendant's exceptions were allowed and the justice allowed plaintiff's bill *nunc pro tunc* as of June 17.   On motion to dismiss plaintiff's bill:—

*Held,* that  the fact that plaintiff's bill was signed within the time allowed (by the court) for signing defendant's bill did not extend the time allowed (by statute) for signing plaintiff's bill.

*Held,* further, that plaintiff's bill would be dismissed.

TRESPASS AND EJECTMENT.   Heard on motion of defendant to dismiss plaintiff's bill of exceptions, and granted.

PER CURIAM.   This is a motion, made by the defendant, to dismiss the plaintiff's bill of exceptions, because said bill of exceptions was not allowed by the trial justice of the Superior Court within twenty days after the filing of the same, nor established before the Supreme Court within thirty days of the filing thereof.

The action was in trespass and ejectment, to recover four parcels of land.   The matter was heard before Mr. Justice Brown, sitting without a jury, and he rendered a decision in favor of the plaintiff on two parcels and for the defendant on the other two parcels.   Both parties excepted to the findings.

The decision of the trial justice of the Superior Court was filed June 10th, 1908.   On June 15th the defendant filed his notice of intention to prosecute his bill of exceptions.   At

the same time the court extended the defendant's time for filing the transcript to July 1st, 1908, and his time for filing the bill of exceptions to July 10th, 1908, and subsequently extended his time for filing transcript to July 15th and for filing the bill of exceptions to July 25th, 1908. On the 17th day of June the plaintiff filed its bill of exceptions with the clerk of the Superior Court, and the clerk transmitted the said bill of exceptions to the trial justice July 2d, 1908. Upon a hearing on the 23d day of July, 1908, the defendant's exceptions were allowed, and the justice allowed the plaintiff's bill of exceptions *nunc pro tunc* as of June 17th, 1908, because the delay, if any, was caused by the act of the court or its officers. Whereupon the plaintiff argues, as follows:

"It is undisputed that the general rule adopted by the Supreme Court of this State is that if a bill of exceptions be not allowed and signed within the time required by statute, that is, 20 days after the filing of the bill of exceptions, nor brought to the Supreme Court for allowance within 30 days of the filing, the said bill of exceptions can not be heard on its. merits by the Supreme Court.

*Hartley* vs. *R. I. Co.*, 28 R. I. 157 and 244.

"In this case, however, that rule is not applicable, for the following reasons:

"I. The Superior Court continued to have jurisdiction of the whole case, because:

"1. The plaintiff's bill was signed within the time allowed for signing the defendant's bill.

"2. The time allowed to the defendant inured to the benefit of the plaintiff.

"II. There was proper cause for allowing the bill *nunc pro tunc.*

"III. The Supreme Court has jurisdiction of the whole cause by reason of the perfecting of the defendant's bill of exceptions."

We see no merit in the argument. The jurisdiction of the Superior Court was not affected by the fact that the plaintiff

had lost the right to prosecute its exceptions. It was not necessary for the court to have jurisdiction of more of the case than was involved in the allowance of the defendant's bill of exceptions. The fact that the plaintiff's bill was signed within the time allowed (by the court) for signing the defendant's bill did not extend the time allowed (by statute) for signing the plaintiff's bill. And to state that the time allowed to the defendant inured to the benefit of the plaintiff is to say that the court may amend the statute.

The motion is therefore granted, and the plaintiff's bill of exceptions is dismissed.

*Sheffield, Levy & Harvey,* for plaintiff.
*Gardner, Pirce & Thornley,* for defendant.